**SILVERMANACAMPORA LLP**
Proposed Attorneys for Kenneth P. Silverman, Esq.,
  The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Justin S. Krell, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| LIBERTY BRIDGE CAPITAL MANAGEMENT GP, LLC, *et al.*, | Case No.:  20-10009 (SCC) |
| | (Jointly Administered) |
| Debtor. | |

-------------------------------------------------------------------x

**TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING THE
EMPLOYMENT OF RYNIKER CONSULTANTS LLC
*NUNC PRO TUNC* TO JANUARY 9, 2020 AS FINANCIAL ADVISORS
FOR THE CHAPTER 7 TRUSTEE AND THE DEBTORS' ESTATE**

**TO:    THE HONORABLE SHELLEY C. CHAPMAN
       UNITED STATES BANKRUPTCY JUDGE:**

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") for the jointly administered bankruptcy estates of Liberty Bridge Capital Management GP, LLC, *et al.* (collectively, the "**Debtors**")[1], by and through his proposed attorneys, SilvermanAcampora LLP, respectfully submits this application (this "**Application**") for the entry of an order (the "**Proposed Order**"), substantially in the form annexed hereto as **Exhibit A,** authorizing the employment of Ryniker Consultants LLC ("**Ryniker**") as financial advisors for the Trustee and the Debtors' estates *nunc pro tunc* to January 9, 2020.

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Liberty Bridge Capital Management GP, LLC (9236) (Case No. 20-10009); (ii) Cash4Cases, Inc. (8244)(Case No. 20-10010); (iii) Liberty Bridge Capital Management IM, LLC (2955)(Case No. 20-10011); (iv) Liberty Bridge Settlement Clearing, LLC (8144)(Case No. 20-10012); (v) Liberty Bridge Finco LLC (5215)(Case No. 20-10013); (vi) Liberty Bridge Capital Management, L.P. (6434)(Case No. 20-10014); (vii) Diversified Pre-Settlement Portfolio I, a Series of Liberty Bridge Capital Management, L.P. (1925)(Case No. 20-10015); and (viii) Diversified Pre-Settlement Portfolio II, a Series of Liberty Bridge Capital Management, L.P. (1660)(Case No. 20-10016).

## BACKGROUND

1. On January 3, 2020 (the "**Petitions Date**"), the Debtors each filed a voluntary petition for relief in accordance with Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

2. On January 3, 2020, Kenneth P. Silverman, Esq., was appointed the interim chapter 7 trustee of the Debtors' estates, has since duly qualified, and is the permanent trustee in the Debtors' Chapter 7 cases.

3. On January 10, 2020, the Court approved the joint administration of the Debtors' cases, captioning the jointly administered cases as referenced above.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. Venue of the Debtors' chapter 7 cases and this Application is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

5. The statutory bases for the relief requested herein are §327 (a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## THE DEBTORS' BUSINESS

6. Upon review of the Debtors' bankruptcy petition and schedules, and the Debtors' books and records, the Debtors' are engaged in the business of funding non-recourse, pre-settlement litigation advances (the "**Litigation Advances**") to permit personal injury litigants during the duration of their pending litigation (the "**Actions**") to finance essential and basic living expenses and to subsidize unfunded medical costs associated with the prosecution of the Actions. These Litigation

2

Advances are collateralized by the proceeds of the Actions resulting from either the settlement of the Actions or the determination of a jury after trial (the "**Litigation Proceeds**").

## RELIEF REQUESTED

7.      The Trustee seeks the entry of an order substantially in the form annexed as **Exhibit A**, authorizing the employment of Ryniker as financial advisors for the Trustee and the estates *nunc pro tunc* to January 9, 2020.  In support of the Application, the Trustee relies on the Declaration of Brian Ryniker, a member of Ryniker in support of this Application (the "**Ryniker Declaration**").  A copy of the Ryniker Declaration is annexed hereto as **Exhibit B**.

8.      Since his appointment, the Trustee and his proposed professionals, including Ryniker, have expended considerable time and effort in aggregating and reconciling the electronic data, executory and related contracts and financial information contained in the Debtors' books and records.  Accordingly, the Trustee has determined that it is necessary to engage a financial advisor with knowledge of the Debtors' industry and business in order to advise the Trustee with respect to his continued administration of the Debtors' estates.  The assistance of a financial advisor will assist the Trustee in, among other areas, the evaluation of the Debtors' financial condition, the collection of amounts due to the Debtors' on account of the Litigation Advances, and perform all such financial services and give such financial advice as may be necessary to the Trustee.

9.      In addition, the Trustee intends to seek this Courts approval pursuant to Bankruptcy Code §721 to operate the Debtors' business on a limited basis in order to, among other things, continue the Debtors' collection practices in an effort to preserve the Debtors' significant going concern value, which left unattended, may result in its significant erosion.  Thus, the Trustee will require the services of Ryniker to assist in the limited operations of the Debtor's business.

10. Moreover, Ryniker is familiar with the Debtor's operations because Ryniker was engaged by the Debtors prior to the bankruptcy petition as a Chief Restructuring Officer subject to the satisfaction of certain conditions precedent. Those conditions were never fully satisfied and Ryniker remained a consultant to the Debtors. The Trustee believes that Ryniker is well suited to represent the interests of the Trustee and the Debtors' estates in an efficient and effective manner because Ryniker is already familiar with the Debtors' business practices and has been integral in assisting the Trustee in his orderly administration of the Debtors' estates to date.

11. In the interest of full disclosure, Ryniker received payment of two pre-petition retainers from the Debtors for services as consultant to the Debtors, each in the amount of $40,000.00 (the "**Pre-Petition Retainer Funds**"). Upon information and belief there is a balance of $11,040.00 remaining from the Pre-Petition Retainer Funds (the "**Remaining Pre-Petition Retainer Funds**"), which is being held by Ryniker. The Trustee and Ryniker have engaged in discussions regarding the Remaining Pre-Petition Funds and have agreed that Ryniker will turn over the Remaining Pre-Petition Funds to the Trustee.

12. The Trustee selected Ryniker as his financial advisors because of Ryniker's excellent reputation and expertise in matters of this kind. Ryniker possesses extensive knowledge and expertise in the areas of bankruptcy, financial and business management matters relevant to Chapter 11 and 7 Cases. Ryniker is a distressed company financial service firm which uses independent professional consultants with specialties in areas ranging from finance to manufacturing, distribution, marketing and general management. These professionals are seasoned professionals with significant experience in the field of restructuring and providing financial and operational guidance to companies in distressed situations.

13. The Trustee requires the service and expense of an experienced financial consultant to, *inter alia*, provide the requested services. Generally, the professional services that Ryniker will render can be summarized as follows:

   a. Assisting the Trustee in marshaling and liquidating the Debtors' assets;

   b. Assisting the Trustee with the safeguarding and maintenance of the Debtors' information technology systems and data integrity;

   c. Performing an investigation and analyses of potential recovery of chapter 5 claims, including analyzing transactions with vendors, insiders, related and/or affiliated companies, for the period prior to the date of filing chapter 7;

   d. Analyzing the financial information of the Debtors for the period prior to the date of filing chapter 7;

   e. Scrutinizing cash disbursements for the period prior to the date of filing chapter 7;

   f. Preparing federal, state, and local tax returns and requisite disclosures on behalf of the Trustee and the Debtors' estate, as requested by the Trustee;

   g. Reconciling filed proofs of claim, as requested by the Trustee;

   h. Attend conferences with the Trustee and his professionals, as may be required;

   i. Reconstruct, if necessary, the Debtors' books and records prior to the Petition Date;

   j. Assist the Trustee with any investigation into the pre-petition acts, conduct, transfers of property, liabilities, financial condition of the Debtors, its management, or creditors, including the operation of its pre-petition business;

   k. Assist the Trustee and his counsel in any litigation proceedings against potential adversaries;

   l. Assist the Trustee in any proposed sale of the Debtors' business or its assets; and

    m. Perform those services that may be deemed necessary by the Trustee in Ryniker's role as financial advisor to the Trustee.

13. To the best of the Trustee's knowledge, Ryniker has no connection with any creditor or interested party herein except as set forth in the Ryniker Declaration, and represents no interest adverse to the Trustee or the Debtors' estates.

14. The Trustee believes that Ryniker is "disinterested", as that term is defined in 11 U.S.C. §101(14), because Ryniker:

    a. is not one of the Debtor's creditors, an equity security holder, or an insider of the Debtor;

    b. is not and was not, within two years before the date of the filing of the bankruptcy petition, a director, officer, or within the Debtor's employ; and,

    c. does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

15. Furthermore, no partner or employee of Ryniker has any connections as set forth in paragraph 13 (a) through (c), except as previously disclosed in the Ryniker Declaration.

16. With respect to the terms of Ryniker's retention, and as fully set forth in the Ryniker Declaration, Ryniker has agreed, subject to the approval of this Court, that Ryniker will invoice the estate for services rendered, billed at hourly rates, and will seek compensation upon appropriate application to the Court for fees and expenses.

17. In connection with the submission of period billings, detailed descriptions of services provided and time expended by each professional on the engagement for all relevant engagement activity broken down into project categories will be provided.

18. No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** the Trustee requests the entry of an order authorizing the employment of

Ryniker as Financial Advisors, as of January 9, 2020, to the Trustee and the estates as described herein, and for such other, further and different relief as this Court may deem just and proper.

Dated: Jericho, New York
      February 14, 2020

**SILVERMANACAMPORA LLP**
Proposed Counsel to Kenneth P. Silverman,
The Chapter 7 Trustee

By: *s/ Justin S. Krell*
      Justin S. Krell
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300