**SILVERMAN ACAMPORA LLP**
Proposed Attorneys for Kenneth P. Silverman, Esq.,
 The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Justin S. Krell, Esq.
Ronald J. Friedman, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                                  Chapter 7

LIBERTY BRIDGE CAPITAL MANAGEMENT                    Case No. 20-10009 (SCC)
GP, LLC, *et al.,*

                                                                                        (Jointly Administered)
                              Debtors.
-------------------------------------------------------------------x

**TRUSTEE'S APPLICATION SEEKING
(I) AUTHORIZATION PURSUANT TO 11 U.S.C. § 721
TO OPERATE DEBTORS' BUSINESS ON A LIMITED BASIS
(II) ESTABLISHING SETTLEMENT PROCEDURES PURSUANT TO
11 U.S.C. §105(A) AND RULE 9019(B) OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR THE SETTLEMENT OF
LITIGATION ADVANCES FOR THE BENEFIT OF DEBTORS'
ESTATES, AND (III) SCHEDULING A HEARING ON SHORTENED NOTICE**

**TO:    THE HONORABLE SHELLEY C. CHAPMAN
            UNITED STATES BANKRUPTCY JUDGE**

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") for the jointly administered bankruptcy estates of Liberty Bridge Capital Management GP, LLC, *et al.* (collectively, the "**Debtor**")[1], by and through his proposed attorneys, SilvermanAcampora LLP, respectfully submits this application (this "**Application**") for the entry of an order (the "**Proposed Order**"), substantially in the form annexed hereto as **Exhibit A**: (i) pursuant to Section 721 of Title 11 of the United State

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Liberty Bridge Capital Management GP, LLC (9236) (Case No. 20-10009); (ii) Cash4Cases, Inc. (8244)(Case No. 20-10010); (iii) Liberty Bridge Capital Management IM, LLC (2955)(Case No. 20-10011); (iv) Liberty Bridge Settlement Clearing, LLC (8144)(Case No. 20-10012); (v) Liberty Bridge Finco LLC (5215)(Case No. 20-10013); (vi) Liberty Bridge Capital Management, L.P. (6434)(Case No. 20-10014); (vii) Diversified Pre-Settlement Portfolio I, a Series of Liberty Bridge Capital Management, L.P. (1925)(Case No. 20-10015); and (viii) Diversified Pre-Settlement Portfolio II, a Series of Liberty Bridge Capital Management, L.P. (1660)(Case No. 20-10016).

1

Code (the "**Bankruptcy Code**"), authorizing him to operate the Debtors' business on a limited basis for a period of 90 to 120 days (the "**Limited Basis**"), subject to such further extensions, effective as of January 3, 2020 (the "**Appointment Date**"), and (ii) pursuant to Bankruptcy Code section 105(a) and Rules 9019(b) and 7016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") establishing Settlement Guidelines governing the settlement of certain Litigation Advances (as both are defined herein below), and respectfully represents as follows:[2]

## PRELIMINARY STATEMENT

1.  Since his appointment, the Trustee and his proposed professionals have expended considerable time and effort in aggregating and reconciling the electronic data, executory and related contracts and financial information contained in the Debtors' books and records (the "**Data**"). In order to facilitate, among other things, a comprehensive understanding of the Debtors' business affairs, operating procedures and to determine its enterprise value (the "**Going Concern Value**"), it is the Trustee's intention to use this Data to prepare a plan of action to monetize the Debtors' considerable asset pool (the "**Assets**"). Operating the Debtors' business on the Limited Basis will provide the Trustee with the ability to maximize these Assets expeditiously and for the benefit of creditors.

2.  By way of background, the Debtors' are engaged in the business of funding non-recourse, pre-settlement litigation advances (the "**Litigation Advances**") to permit personal injury litigants during the duration of their pending litigation (the "**Actions**") to finance essential and basic living expenses and to subsidize unfunded medical costs associated with the prosecution of these Actions. These Litigation Advances are collateralized by the proceeds of these Actions resulting

---

[2] This Court has jurisdiction to hear this Application under 28 U.S.C. §§157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and

from either the settlement of the Actions or the determination of a jury after trial (the "**Litigation Proceeds**"). Accordingly, the Trustee believes that the continued operations of the Debtors' business on the Limited Basis will not only permit the orderly continuation and transition to the Trustee of the Debtors' collection practices but will also preserve the Debtors' significant Going Concern Value which, left unattended, would result in its significant erosion.[3] Such procedures include, but are not limited to the: (a) calculation and negotiation of the payoff of the Litigation Advances together with the computation and payment of the full accreted value of the Litigation Advances; (b) preservation of the Data through the Debtors' proprietary computer software applications and general ledgers; (c) review of multiple executory and related contracts; (d) retrieval and monitoring of the Debtors' internet, phone, express and regular mail; and (e) maintenance of the general business and collection practices of the Debtors' estates (collectively, the "**Settlement Guidelines**").

3.  Moreover, it is industry practice for litigants to request settlement discounts or accommodations against the Debtors' outstanding Litigation Advances in these pending Actions where it is determined that the litigation value itself could be considerably less than originally contemplated. Because such requests are quite common and often require the immediate attention of professionals to analyze and respond to these requested accommodations to avoid costly, time consuming and potentially wasteful litigation, the Trustee now seeks the approval of the Settlement Guidelines set forth below to avoid cumbersome and expensive motion practice and delay. Absent

---

1409. The statutory predicates for the relief sought herein are Bankruptcy Code §§105 and 721, Bankruptcy Rule 2002, and the Court's Local Bankruptcy Rule 9013-1.

[3] Since the Appointment Date, the Trustee has had numerous discussions with certain national law cash financing firms that have expressed an interest in purchasing substantially all of the Debtors' Assets. In the event that the Trustee negotiates a sale for all of the Debtors' Assets, such sale which would be subject to higher and/or better offers, free and clear of all liens, if any. The Trustee intends to investigate the prospect of selling the Debtors' Assets and file an appropriate motion seeking the approval of such transaction at the appropriate time.

KPS/2385572.2/010001

the entry of the Proposed Order authorizing and directing the Trustee's ability to use these proposed Settlement Guidelines, the Trustee believes that the burdens imposed on the administration of these estates will be extensive, unnecessarily expensive, and will likely result in the substantial diminution of the value of Assets of the estates.

4. Accordingly, and in order to (i) implement these Settlement Guidelines to effectively and properly wind down the financial and business affairs of the Debtors' estates, (ii) preserve the Debtors' Going Concern Value, and (iii) settle the existing Litigation Advances, the Trustee believes that the relief requested is necessary and appropriate and requests the entry of Proposed Order.

## BACKGROUND

### The Bankruptcy

5. On January 3, 2020, the Debtors each filed a voluntary petition in accordance with chapter 7 of the Bankruptcy Code in this Court.

6. On January 3, 2020, Kenneth P. Silverman, Esq., was appointed the interim chapter 7 trustee of the Debtors' estates.

7. On January 10, 2020, the Court approved the joint administration of the Debtors' cases, captioning the jointly administered cases as referenced above.

8. On February 4, 2020, the initial section 341 First Meeting of Creditors was held and the Trustee duly qualified and has become the permanent Trustee.

### The Debtors' Business and Assets

9. As discussed above, the Debtors are in the business of providing Litigation Advances to plaintiffs in pending Actions and maintaining liens against the proceeds of these Actions that result from trial or settlement. Upon information and belief, as of the Filing Date there were over 400 active Actions with approximately 2,100 outstanding Litigation Advances with a total

4

collectable value, at par, of approximately 25 million dollars and, together with full accreted interest, a value in excess of 52 million dollars, without discounting the Actions for collectability.

10. The Trustee and his proposed professional have preliminarily reviewed the Debtors' schedules, statement of financial affairs and have had multiple discussions and conferences with the Debtors' principal, Jaeson Birnbaum, pre-filing corporate counsel and its retained consultants, as well as chapter 7 counsel regarding, among other things, value and portability of the Debtors' Assets, the operations and business affairs, and the Debtors' collection practices and procedures to monitor these Assets. As a result, the Trustee has concluded that continuing the Debtors' operations on the Limited Basis in order to preserve the going concern Value of the Debtors' Assets while simultaneously working to consummate pending transactions and/or properly wind-down the Debtors' business affairs, including the collection of the Litigation Advances, is warranted here under the totality of the circumstances.4

11. The Trustee is in the process of identifying and reviewing the Data in order to make an informed legal and business decision concerning the marketing and preservation of the Debtors' Assets. In order to provide the Trustee with the necessary time to (i) work towards the disposition of the operating business Assets, develop a comprehensive business plan and make an informed business decision regarding the disposition of the Debtors' other assets, if any, and/or wind down the Debtors' business affairs, if a sale of the operating business assets cannot be accomplished, the Trustee submits that the entry of the Proposed Order authorizing and approving the Settlement Guidelines for the limited operation of the Debtors' businesses under Bankruptcy Code section 721 and permitting the Trustee to negotiate the collection of the Assets pursuant to Bankruptcy Rule

---

[4] At this time, the Trustee has neither provided a budget nor requested the use of any estates' assets to operate the Debtors' business as all of the services are being performed by the proposed professionals. The Trustee respectfully reserves the right to request the use of estate assets, if necessary, at a future date and on notice to the proper parties.

9019(B) is warranted and justified.

12. The entry of the Proposed Order will preserve the Going Concern Value of the Debtors' business and assets and will enable the Trustee to (a) pursue a sale transaction (b) continue to collect the Litigation Advance; (c) provide those essential procedures and services for the wind-down of the Debtors' business; and (d) establish certain Settlement Guidelines as detailed below.

## REQUESTED RELIEF

**Cause Exists to Authorize the
Trustee to Operate the Debtor's Business**

13. Bankruptcy Code section 721 provides:

> The court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate.

11 U.S.C. §721.

14. The continued operation of the Debtors' businesses on a Limited Basis is in the best interests of and is consistent with the orderly administration of the Debtors' estates, and will preserve the enterprise value of the Debtors' business and Assets while the Litigation Advances are collected in an orderly fashion. Accordingly, the Trustee respectfully requests that the Court enter an order authorizing him to continue to operate the Debtors' business on the Limited Basis until such time that either a sale of the Debtors' business Assets has been effectuated or the wind-down of the Debtors' business is finalized. The Trustee further requests that the Court enter the Proposed Order, effective as of the Appointment Date, which is the date the Trustee and his proposed professionals began to operate and maintain the continuity of the Debtors' business.

**The Settlement Procedures**

15. Providing the Trustee with this limited discretionary authority to settle the Litigation Advances and collect the Litigation Proceeds (the "**Settlements**") within prescribed Settlement

6

Guidelines will limit the costs to the Debtors' estate (including professional fees) and thereby maximizing the value to the Debtors' estates and their creditors. Absent limited settlement authority, it could prove expensive to settle these matters on a case by case basis, given the requirement that the settlement of a specific Litigation Advance would require the approval of this Court by a separate motion and hearing as ordinarily required by Bankruptcy Rule 9019(a). Additionally, due to the nature of the Debtors' business, many requests for a payoff of the Litigation Advances would require an immediate response. Any delay in responding would jeopardize the value of the Settlements. Accordingly, in order to serve the dual purposes of maximizing value for the benefit of creditors and ensuring appropriate Bankruptcy Court oversight of the administration of these cases, the Trustee proposes the Settlement Guidelines described below.

16. Pursuant to Settlement Guidelines the Trustee proposes he be authorized to accept a reduction payoff of certain Litigation Advances which fall within certain parameters without obtaining further Bankruptcy Court approval. The Trustee will seek Bankruptcy Court approval for the settlement of those Litigation Advance accommodations that fall outside the Settlement Guidelines. The proposed Settlement Guidelines are as follows:

   a. With respect to the acceptance of a reduction of the payoff of any Litigation Advance where the amount of the Litigation Advance is less than $100,000, the Trustee, in his discretion, may accept the reduction of the payoff on any reasonable terms, and may enter into, execute and consummate a Settlement which will be binding on the Debtors' estates and their creditors without further action by this Court, or giving notice to, or receiving consent from any other party.

   b. With respect to the acceptance of a reduction of the payoff of any Litigation Advance where the amount of the Litigation Advance is greater than $100,000, but less than or equal to $250,000, and the reduction is no less than 65% of the full Litigation Advance, the Trustee, in his discretion, may settle any of the Litigation Advances on any reasonable terms, and may enter into, execute and consummate a Settlement which will be binding on the Debtors' estates and their creditors without further action by this Court, or

giving notice to, or receiving consent from any other party.

c. With respect to the acceptance of a reduction of the payoff of any Litigation Advance where the amount is greater than $250,000, but less than or equal to $500,000, and the reduction terms are no less than 75% of the full Litigation Advance, the Trustee, in his discretion, may settle any of the Litigation Advance on any reasonable terms, and may enter into, execute and consummate a Lien Settlement which will be binding on the Debtors' estates and their creditors without further action by this Court, or giving notice to, or receiving consent from any other party.

d. No settlement of a Litigation Advance will be entered into by the Trustee unless it is reasonable in the Trustee's business judgment. Any Litigation Advance, which falls outside the Settlement Guidelines, must be approved by further Order of this Court upon the Trustee's motion served and filed in accordance with Bankruptcy Rule 9019(a).

e. A payoff of a Litigation Advance will be effectuated by providing a payoff letter reflecting the reduced amount in a form substantially as that annexed hereto as **Exhibit B**. Any party in interest in the Debtors' cases may request a copy of any such payoff by contacting the Trustee or his counsel.

f. Notwithstanding the Settlement Guidelines, the Trustee is entitled to seek Bankruptcy Court approval for the settlement of any other Litigation Advance.

17. By this Application, the Trustee seeks entry of an order pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019(b) approving the foregoing Settlement Guidelines.

18. Bankruptcy Rule 9019(b) provides that "[a]fter a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." Fed. R. Bankr. P. 9019(b). Thus, Bankruptcy Rule 9019(b) specifically authorizes the streamlining of settlements where there are a multitude of claims involved, as is the case here.

19. Accordingly, the Bankruptcy Rules permit the relief requested in this Application in order to streamline the process of resolving reduced Litigation Advances and minimizing the

administrative burden to the Debtors' estates. Thus, the Trustee believes that the entry of the Proposed Order authorizing and approving, among other relief, the Settlement Guidelines, is warranted and justified.

**Notice and Hearing to Consider Application**

20. The Trustee requests that the Court schedule a hearing (the "**Hearing**"), on shortened notice, to approve the Application.

21. Bankruptcy Rule 2002(a) provides, in relevant part, that:

> a) Twenty-Day Notices to Parties in Interest. Except as provided in subdivisions (h), (i),(l), (p) and (q) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture Trustees not less than 20 days' notice by mail of:
>
> * * *
>
> (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice;

Fed. R. Bankr. P. 2002(a) (2); see also Fed. R. Bankr. P. 9006(c).

22. Based on the foregoing, the Trustee respectfully requests that the Court enter a scheduling order (the "**Scheduling Order**"), scheduling the Hearing.

23. The Trustee shall serve the Scheduling Order and Application with Exhibits via email or overnight carrier on (a) the Debtors, (b) Debtors' counsel, (c) the Office of the United States Trustee, (d) all creditors of the Debtors alleging a secured claim against the Debtors, as scheduled by the Debtors in the Petitions, and (e) all entities that have properly served and filed Notices of Appearance in the Debtors' cases. The Trustee asserts that this constitutes good and sufficient notice of the relief sought in this Application. The Trustee respectfully submits that the time afforded for such notice is reasonable and permissible pursuant to Bankruptcy Code sections 102, 105, 721 and Bankruptcy Rules 2002 and 9007.

24. No prior application for the relief requested herein has been made to this Court or any other Court.

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Order in the form annexed hereto as **Exhibit A** and granting the Trustee such additional relief as is just and proper.

Dated: Jericho, New York
February 14, 2020

**SILVERMANACAMPORA LLP**
Proposed Attorneys for Kenneth P. Silverman, Esq.,
  the Chapter 7 Trustee


By: s/ Justin S. Krell
    Justin S. Krell
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300