**SILVERMANACAMPORA LLP**
Counsel to Kenneth P. Silverman, Esq.,
 The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Justin S. Krell, Esq.
Nicholas J. Bebirian, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

LIBERTY BRIDGE CAPITAL MANAGEMENT
GP, LLC, *et al.*,[1]

                          Debtors.
-----------------------------------------------------------------x

Chapter 7
Case No. 20-10009 (SCC)

**(Jointly Administered)**

# BANKRUPTCY RULE 2004 APPLICATION FOR
# AN ORDER DIRECTING PRODUCTION AND TURNOVER
# OF DOCUMENTS BY AND EXAMINATION OF JACQUELINE NIGRO

TO:    THE HONORABLE SHELLEY C. CHAPMAN
         UNITED STATES BANKRUPTCY JUDGE

Kenneth P. Silverman, Esq., the Chapter 7 Trustee (the "**Trustee**") of the jointly administered estates (the "**Estates**") of the above-captioned debtors (the "**Debtors**"), by his counsel, SilvermanAcampora LLP, respectfully submits this application (the "**Application**") seeking the entry of an order pursuant to section 105(a) of Title 11, United States Code (the "**Bankruptcy Code**") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing and directing the production and turnover of documents, books, records, communications by and examination of Jacqueline Nigro (the "**Witness**") as more

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Liberty Bridge Capital Management GP, LLC (9236) (Case No. 20-10009); (ii) Cash4Cases, Inc. (8244)(Case No. 20-10010); (iii) Liberty Bridge Capital Management IM, LLC (2955)(Case No. 20-10011); (iv) Liberty Bridge Capital Management, L.P. (6434)(Case No. 20-10012); (v) Liberty Bridge Finco LLC (5215)(Case No. 20-10013); (vi) Liberty Bridge Settlement Clearing, LLC (8144)(Case No. 20-10014); (vii) Diversified Pre- Settlement Portfolio I, a Series of Liberty Bridge Capital Management, L.P. (1925)(Case No. 20-10015); and (viii) Diversified Pre-Settlement Portfolio II, a Series of Liberty Bridge Capital Management, L.P. (1660)(Case No. 20-10016).

particularly set forth in this Application and the accompanying proposed order (the "**Proposed Order**"), a copy of which is annexed hereto as **Exhibit A**, and respectfully sets forth and represents as follows:

## BACKGROUND

**The Bankruptcy**

1. On January 3, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Chapter 7 Cases**").

2. By Notice of Appointment dated January 3, 2020, Kenneth P. Silverman, Esq. was appointed as the Interim Chapter 7 Trustee in the Chapter 7 Cases.

3. On January 10, 2020, this Court entered an order authorizing the joint administration of the Chapter 7 Cases and assigned Case No. 20-10009 (SCC) to the Chapter 7 Cases.

4. On February 4, 2020, the initial section 341 First Meeting of Creditors was held and the Trustee duly qualified and has become the permanent Trustee.

**The Debtors' Business and Assets**

5. The Debtors' are engaged in the business of funding non-recourse, pre-settlement litigation advances (the "**Litigation Advances**") to permit personal injury litigants during the duration of their pending litigation (the "**Actions**") to finance essential and basic living expenses and to subsidize unfunded medical costs associated with the prosecution of these Actions. These Litigation Advances are collateralized by the proceeds of these Actions resulting from either the settlement of the Actions or the determination of a jury after trial (the "**Litigation Proceeds**").

6.     Upon information and belief, as of the Petition Date, there were over 900 active Actions with approximately 2,100 outstanding Litigation Advances with a total collectable value, at par, of approximately $25 million and, together with full accreted interest, a value in excess of $52 million, without discounting the Actions for collectability.

## THE APPLICATION

7.     This Application is made pursuant to Bankruptcy Rule 2004.  Bankruptcy Rule 2004 provides, in relevant part, that "on motion of any party in interest, the Court may order the examination of any entity" with regard to the "acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate...."

8.     In this case, the examination of the Witness and production of documents is essential to the Trustee's investigation of the Debtors' financial affairs, including but not limited to, the Litigation Advances and the Litigation Proceeds.  In accordance with his fiduciary duties the Trustee is required to, among other things, investigate whether the Debtors made transfers prior to the Petition Date which may be avoided for the benefit of the Debtors' creditors and to further analyze the Debtors' financial affairs. In addition, the Trustee is required to thoroughly investigate the corporate structure of the Debtors in order to better understand the flow of money.

9.     Upon information and belief, the Witness is in a relationship with Jaeson Birnbaum ("**Birnbaum**"), the sole principal of the Debtors.  Accordingly, the Trustee believes that the Witness possesses information that will assist the Trustee in the administration of the estate and respectfully submits that the relief requested in this Application is necessary and authorized under Bankruptcy Rule 2004.

10. The production of the documents requested herein and in the Proposed Order is essential to (a) the Trustee's thorough investigation of the Debtors' financial affairs, including but not limited to, the existence of potential claims for relief against third parties and undisclosed assets, (b) better understand the complex financial affairs of the Debtors' business operations, and (c) the proper, effective, and efficient administration of theses estates. The Trustee, therefore, desires to examine the full nature and extent of the Witness's knowledge of the financial affairs concerning the Debtors, including Birnbaum.

11. The Trustee is seeking information and documents from the Witness in connection with, among other things, Birnbaum's purchase of any and all property, including but not limited to, luxury vehicles, jewelry (*i.e.* an engagement ring), and real property (collectively, the "**Purchases**") for the benefit of the Witness.

12. The documents and information sought by the Trustee in connection with the Application are as follows:

   a. any and all documents, correspondence (including email correspondence), books, or records concerning, regarding, or relating to any and all payments made by the Debtors and/or Birnbaum in connection with the Purchases, whether maintained in the form of paper records, electronic format, or otherwise, in the Witness's possession, custody, or control, or to which the Witness otherwise has access.

13. The Trustee also requests the authority to issue and serve upon the Witness one or more subpoenas, substantially in the form annexed hereto as **Exhibit B**, directing and requiring the examination of the Witness and the production and turnover of the documents and information set forth above.

14. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter the Proposed Order granting this Application under Bankruptcy Rule 2004, directing and authorizing the examination of the Witness and the production of the documents and information set forth above, and (b) grant the Trustee such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
      August 31, 2020

**SILVERMANACAMPORA LLP**
Counsel to the Kenneth P. Silverman, Esq.
The Chapter 7 Trustee

By: */s/ Justin S. Krell*
Justin S. Krell
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300