**SILVERMAN ACAMPORA LLP**
Counsel to Kenneth P. Silverman, Esq.,
 The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Justin S. Krell
Nicholas J. Bebirian

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re:                                                                    Chapter 7

LIBERTY BRIDGE CAPITAL MANAGEMENT            Case No. 20-10009 (SCC)
GP, LLC, *et al.,*
                                                                           (Substantively Consolidated)

                                         Debtors.
-----------------------------------------------------------------x
KENNETH P. SILVERMAN, chapter 7 Trustee
of LIBERTY BRIDGE CAPITAL MANAGEMENT,
GP, LLC, *et.al.*
                                                                           Adv. Pro. No.: _____

                                         Plaintiff,

    -against-

AMY WEINMEISTER,

                                         Defendant.
-----------------------------------------------------------------x

# TRUSTEE'S COMPLAINT

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") for the substantively consolidated bankruptcy estates of Liberty Bridge Capital Management GP, LLC, *et al.* (collectively, the "Debtors")[1], by his attorneys, SilvermanAcampora LLP, for his complaint against Defendant Amy Weinmeister ("Defendant"), alleges as follows:

---

[1] On November 16, 2021, an order was entered substantively consolidating, for all purposes, the estates of: (i) Liberty Bridge Capital Management GP, LLC (9236) (Case No. 20-10009); (ii) Cash4Cases, Inc. (8244)(Case No. 20-10010); (iii) Liberty Bridge Capital Management IM, LLC (2955)(Case No. 20-10011); (iv) Liberty Bridge Settlement Clearing, LLC (8144)(Case No. 20-10012); (v) Liberty Bridge Finco LLC (5215)(Case No. 20-10013); (vi) Liberty Bridge Capital Management, L.P. (6434)(Case No. 20-10014); (vii) Diversified Pre-Settlement Portfolio I, a Series of

1

**Nature of Adversary Proceeding**

1. This complaint is brought pursuant to §§105, 502, 544, 548, 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code"), New York Debtor and Creditor Law ("NYDCL") §§273, 274, and 275, and New York common law to set aside and recover transfers made by the Debtors to or for the benefit of Defendant.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§157(a), 157(b) and the "Standing Order of Referral of cases to Bankruptcy Judges of the United States District Court for the Southern District of New York."

3. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (E), (H) and (O), and with respect to any claims that may hereafter be determined to be non-core, the Trustee consents to the entry of final orders and judgments by the Bankruptcy Court.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

**The Parties**

5. On January 3, 2020, (the "Filing Date") the Debtors filed voluntary petitions in accordance with chapter 7 of the Bankruptcy Code in this Court.

6. On January 3, 2020, Kenneth P. Silverman, Esq., was appointed the interim chapter 7 trustee of the Debtors' estates.

7. On January 10, 2020, the Court approved the joint administration of the Debtors' cases, captioning the jointly administered cases as referenced above.

8. On February 4, 2020, the initial section 341 First Meeting of Creditors was held and the Trustee duly qualified and has become the permanent Trustee.

---

Liberty Bridge Capital Management, L.P. (1925)(Case No. 20-10015); and (viii) Diversified Pre-Settlement Portfolio II, a Series of Liberty Bridge Capital Management, L.P. (1660)(Case No. 20-10016).

9. On November 16, 2021, the Debtors' cases were substantively consolidated. (*See* ECF Doc. No. 288).

10. At all relevant times mentioned herein, plaintiff Kenneth P. Silverman was and is the chapter 7 trustee of the Debtors' estates, and maintains an office at c/o SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753.

11. Upon information and belief, Defendant resides in the State of New York.

### Allegations Common To All Claims For Relief

12. Between May 14, 2018 and February 21, 2019, the Debtors made certain transfers to, or for the benefit of, Defendant, as outlined in **Exhibit A** annexed hereto, in the aggregate amount of $217,321.07 (the "Transfers").

13. Upon information and belief, the Debtors did not receive fair consideration or reasonably equivalent value in exchange for the Transfers.

14. The Debtors were continuously insolvent at all times from at least November 1, 2017 to the Filing Date.

15. Upon information and belief, at the time of the Transfers, there existed unsecured creditors of the Debtors who remained creditors as of the Filing Date.

### First Claim for Relief
**(incorporating all previous allegations)**

16. At the time of the Transfers, the Debtors were insolvent or were rendered insolvent by the Transfers.

17. The Transfers constituted fraudulent conveyances in violation of NYDCL §273.

18. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the Transfers pursuant to NYDCL §273, and (b) pursuant to

2770977v1 / 010001.756 / HTRUST

Bankruptcy Code §§550(a) and 551, may recover from Defendant an amount as yet undetermined but in no event less than $217,321.07, plus interest thereon.

### Second Claim for Relief
### (incorporating all previous allegations)

19. At the time of the Transfers, the Debtors were engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

20. The Transfers constituted fraudulent conveyances in violation of NYDCL §274.

21. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the Transfers pursuant to NYDCL §274, and (b) pursuant to Bankruptcy Code §§550(a) and 551, may recover from Defendant an amount as yet undetermined but in no event less than $217,321.07, plus interest thereon.

### Third Claim for Relief
### (incorporating all previous allegations)

22. At the time of the Transfers, the Debtors had incurred, were intending to incur or believed that they would incur debts beyond their ability to pay them as they matured.

23. The Transfers constituted fraudulent conveyances in violation of NYDCL §275.

24. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the Transfers pursuant to NYDCL §275, and (b) pursuant to Bankruptcy Code §§550(a) and 551, may recover from Defendant an amount as yet undetermined but in no event less than $217,321.07, plus interest thereon.

### Fourth Claim for Relief
### (incorporating all previous allegations)

25. The Transfers were made within two (2) years of the Filing Date.

2770977v1 / 010001.756 / HTRUST

26. The Debtors received less than reasonably equivalent value in exchange for the Transfers under Bankruptcy Code §548(a)(1)(B).

27. The Debtors (i) were insolvent on the date(s) that the Transfers were made or became insolvent as a result of the Transfers, (ii) were engaged in business or a transaction or were about to engage in business or a transaction, for which any property remaining with the Debtors were unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond their ability to pay as they matured.

28. The Transfers constitute avoidable transfers pursuant to Bankruptcy Code §548(a)(1)(B).

29. By reason of the foregoing, (a) pursuant to Bankruptcy Code §548(a)(1)(B), the Trustee is entitled to a judgment avoiding the Transfers and (b) pursuant to Bankruptcy Code §§550(a) and 551, the Trustee may recover an amount to be determined at trial but in no event less than $217,321.07 together with interest thereon.

### Fifth Claim for Relief
**(incorporating all previous allegations)**

30. Defendant is the recipient of the Transfers, which are avoidable and recoverable under Bankruptcy Code §550.

31. Despite due demand, Defendant has not returned the Transfers.

32. Based upon the foregoing, and pursuant to Bankruptcy Code §502(d), any claims filed by Defendant or scheduled in favor of Defendant against the Debtors must be disallowed unless and until Defendant returns the Transfers.

2770977v1 / 010001.756 / HTRUST

## Sixth Claim for Relief
**(incorporating all previous allegations)**

33. As a result of the aforementioned, Defendant has gained substantial benefit, enjoyed use of the Transfers, and has been unjustly enriched because she has maintained custody, possession and control over the Transfers by refusing to turnover the Transfers to the Trustee.

34. Defendant has been unjustly enriched and in equity and good conscience should not be allowed to retain the Transfers.

35. By reason of the foregoing, pursuant to New York Common Law Defendant is liable to the Trustee for Transfers in the sum of $217,321.07, together with interest thereon.

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment against Defendant as follows:

(a) on the Trustee's first claim for relief (a) avoiding the Transfers pursuant to NYDCL §273, and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $217,321.07 from Defendant, plus interest thereon;

(b) on the Trustee's second claim for relief (a) avoiding the Transfers pursuant to NYDCL §274, and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $217,321.07 from Defendant, plus interest thereon;

(c) on the Trustee's third claim for relief (a) avoiding the Transfers pursuant to NYDCL §275, and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $217,321.07 from Defendant, plus interest thereon;

(d) on the Trustee's fourth claim for relief (a) avoiding the Transfers pursuant to Bankruptcy Code §548(a)(1)(B), and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $217,321.07 from Defendant, plus interest thereon;

(e) on the Trustee's fifth claim for relief pursuant to Bankruptcy Code §502(d), in the Trustee's favor and against Defendant, disallowing any claims filed by Defendant against the Debtors or scheduled in Defendant's favor in the Debtors' bankruptcy cases unless and until Defendant returns the Transfers to the Trustee;

(f) on the Trustee's sixth claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than $217,321.07 from Defendant, plus interest thereon; and

(g) for such other, further and different relief as the Court deems proper.

Dated: Jericho, New York
December 21, 2021

**SILVERMANACAMPORA LLP**
Counsel to Kenneth P. Silverman, Esq.,
the Chapter 7 Trustee

By: *s/ Justin S. Krell*
Justin S. Krell
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300