**SILVERMAN ACAMPORA LLP**
Counsel to Kenneth P. Silverman, Esq.,
 The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Justin S. Krell
Nicholas J. Bebirian

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

LIBERTY BRIDGE CAPITAL MANAGEMENT
GP, LLC, *et al.*,

                       Debtors.
-----------------------------------------------------------------x
KENNETH P. SILVERMAN, chapter 7 Trustee
of LIBERTY BRIDGE CAPITAL MANAGEMENT,
GP, LLC, *et.al.*

                       Plaintiff,

   -against-

STANLEY LIEBOWITZ and SUSAN R.
LIEBOWITZ,

                       Defendants.
-----------------------------------------------------------------x

Chapter 7

Case No. 20-10009 (SCC)

(Substantively Consolidated)

Adv. Pro. No.: _____

## TRUSTEE'S COMPLAINT

       Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") for the substantively consolidated bankruptcy estates of Liberty Bridge Capital Management GP, LLC, *et al.* (collectively, the "Debtors")[1], by his attorneys, SilvermanAcampora LLP, for his complaint

---

[1] On November 16, 2021, an order was entered substantively consolidating, for all purposes, the estates of: (i) Liberty Bridge Capital Management GP, LLC (9236) (Case No. 20-10009); (ii) Cash4Cases, Inc. (8244)(Case No. 20-10010); (iii) Liberty Bridge Capital Management IM, LLC (2955)(Case No. 20-10011); (iv) Liberty Bridge Settlement Clearing, LLC (8144)(Case No. 20-10012); (v) Liberty Bridge Finco LLC (5215)(Case No. 20-10013); (vi) Liberty Bridge Capital Management, L.P. (6434)(Case No. 20-10014); (vii) Diversified Pre-Settlement Portfolio I, a Series of Liberty Bridge Capital Management, L.P. (1925)(Case No. 20-10015); and (viii) Diversified Pre-Settlement Portfolio II, a Series of Liberty Bridge Capital Management, L.P. (1660)(Case No. 20-10016).

against defendants Stanley Liebowitz ("Stanley") and Susan R. Liebowitz ("Susan" and together with Stanley, "Defendants"), alleges as follows:

### Nature of Adversary Proceeding

1.  This complaint is brought pursuant to §§105, 502, 544, 547, 548, 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code"), New York Debtor and Creditor Law ("NYDCL") §§273, 274, and 275, and New York common law to set aside and recover transfers made by the Debtors to or for the benefit of Defendants.

### Jurisdiction and Venue

2.  This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§157(a), 157(b) and the "Standing Order of Referral of cases to Bankruptcy Judges of the United States District Court for the Southern District of New York."

3.  This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (E), (H) and (O), and with respect to any claims that may hereafter be determined to be non-core, the Trustee consents to the entry of final orders and judgments by the Bankruptcy Court.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1409.

### The Parties

5.  On January 3, 2020, (the "Filing Date") the Debtors filed voluntary petitions in accordance with chapter 7 of the Bankruptcy Code in this Court.

6.  On January 3, 2020, Kenneth P. Silverman, Esq., was appointed the interim chapter 7 trustee of the Debtors' estates.

7.  On January 10, 2020, the Court approved the joint administration of the Debtors' cases, captioning the jointly administered cases as referenced above.

8.    On February 4, 2020, the initial section 341 First Meeting of Creditors was held and the Trustee duly qualified and has become the permanent Trustee.

9.    On November 16, 2021, the Debtors' cases were substantively consolidated. (*See* ECF Doc. No. 288).

10.    At all relevant times mentioned herein, plaintiff Kenneth P. Silverman was and is the chapter 7 trustee of the Debtors' estates, and maintains an office at c/o SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York.

11.    Upon information and belief, Stanley resides at 267 Springfield Avenue, Paramus, New Jersey 07652.

12.    Upon information and belief, Susan resides at 12802 Bonnington Range D, Boynton Beach, Florida 33473.

**Allegations Common To All Claims For Relief**

13.    On or about January 29, 2019 and February 14, 2019, the Debtors made certain transfers to, or for the benefit of, Stanley, as outlined in **Exhibit A** annexed hereto, in the aggregate amount of $48,353.70 (the "Stanley Transfers").

14.    Between December 7, 2017 and October 8, 2019, the Debtors made certain transfers to, or for the benefit of, Defendants, as outlined in **Exhibit B** annexed hereto, in the aggregate amount of $2,966,103.22 (the "Liebowitz Transfers"), net after deposits of $1,653,355.03 into Debtors, the net total transfers to Defendants from the Debtors are in an amount to be determined at trial, but, in no event less than $1,312,748.19 (the "Net Liebowitz Transfers" and together with the Stanley Transfers, the "Net Transfers").

15.    Upon information and belief, the Debtors did not receive fair consideration or reasonably equivalent value in exchange for the Net Transfers.

2772007v5 / 010001.756 / NBEBIRIAN

16. The Debtors were continuously insolvent at all times from at least November 1, 2017 to the Filing Date.

17. Upon information and belief, at the time of the Net Transfers, there existed unsecured creditors of the Debtors who remained creditors as of the Filing Date.

**First Claim for Relief**
**(incorporating all previous allegations)**

18. At the time of the Stanley Transfers, the Debtors were insolvent or were rendered insolvent by the Stanley Transfers.

19. The Stanley Transfers constituted fraudulent conveyances in violation of NYDCL §273.

20. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the Stanley Transfers pursuant to NYDCL §273, and (b) pursuant to Bankruptcy Code §§550(a) and 551, may recover from Stanley an amount as yet undetermined but in no event less than $48,353.70, plus interest thereon.

**Second Claim for Relief**
**(incorporating all previous allegations)**

21. At the time of the Net Transfers, the Debtors were insolvent or were rendered insolvent by the Net Transfers.

22. The Net Transfers constituted fraudulent conveyances in violation of NYDCL §273.

23. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the Net Transfers pursuant to NYDCL §273, and (b) pursuant to Bankruptcy Code §§550(a) and 551, may recover from Defendants an amount as yet undetermined but in no event less than $1,361,101.89, plus interest thereon.

2772007v5 / 010001.756 / NBEBIRIAN

## Third Claim for Relief
**(incorporating all previous allegations)**

24. At the time of the Stanley Transfers, the Debtors were engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

25. The Stanley Transfers constituted fraudulent conveyances in violation of NYDCL §274.

26. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the Stanley Transfers pursuant to NYDCL §274, and (b) pursuant to Bankruptcy Code §§550(a) and 551, may recover from Stanley an amount as yet undetermined but in no event less than $48,353.70, plus interest thereon.

## Fourth Claim for Relief
**(incorporating all previous allegations)**

27. At the time of the Net Transfers, the Debtors were engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

28. The Net Transfers constituted fraudulent conveyances in violation of NYDCL §274.

29. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the Net Transfers pursuant to NYDCL §274, and (b) pursuant to Bankruptcy Code §§550(a) and 551, may recover from Defendants an amount as yet undetermined but in no event less than $1,361,101.89, plus interest thereon.

2772007v5 / 010001.756 / NBEBIRIAN

## Fifth Claim for Relief
### (incorporating all previous allegations)

30. At the time of the Stanley Transfers, the Debtors had incurred, were intending to incur or believed that they would incur debts beyond their ability to pay them as they matured.

31. The Stanley Transfers constituted fraudulent conveyances in violation of NYDCL §275.

32. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the Stanley Transfers pursuant to NYDCL §275 and (b) pursuant to Bankruptcy Code §§550(a) and 551, may recover from Stanley an amount as yet undetermined but in no event less than $48,353.70, plus interest thereon.

## Sixth Claim for Relief
### (incorporating all previous allegations)

33. At the time of the Net Transfers, the Debtors had incurred, were intending to incur or believed that they would incur debts beyond their ability to pay them as they matured.

34. The Net Transfers constituted fraudulent conveyances in violation of NYDCL §275.

35. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the Net Transfers pursuant to NYDCL §275 and (b) pursuant to Bankruptcy Code §§550(a) and 551, may recover from Defendants an amount as yet undetermined but in no event less than $1,361,101.89, plus interest thereon.

## Seventh Claim for Relief
### (incorporating all previous allegations)

36. The Stanley Transfers were made within two (2) years of the Filing Date.

37. The Debtors received less than reasonably equivalent value in exchange for the Stanley Transfers under Bankruptcy Code §548(a)(1)(B).

2772007v5 / 010001.756 / NBEBIRIAN

38. The Debtors (i) were insolvent on the date(s) that the Stanley Transfers were made or became insolvent as a result of the Stanley Transfers, (ii) were engaged in business or a transaction or were about to engage in business or a transaction, for which any property remaining with the Debtors were unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond their ability to pay as they matured.

39. The Stanley Transfers constitute avoidable transfers pursuant to Bankruptcy Code §548(a)(1)(B).

40. By reason of the foregoing, (a) pursuant to Bankruptcy Code §548(a)(1)(B), the Trustee is entitled to a judgment: (a) avoiding the Stanley Transfers, and (b) pursuant to Bankruptcy Code §§550(a) and 551, the Trustee may recover from Stanley an amount to be determined at trial but in no event less than $48,353.70, together with interest thereon.

**Eighth Claim for Relief**
**(incorporating all previous allegations)**

41. Certain of the Net Transfers were made within two (2) years of the Filing Date (the "Two-Year Transfers").

42. The Debtors received less than reasonably equivalent value in exchange for the Two-Year Transfers under Bankruptcy Code §548(a)(1)(B).

43. The Debtors (i) were insolvent on the date(s) that the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers, (ii) were engaged in business or a transaction or were about to engage in business or a transaction, for which any property remaining with the Debtors were unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond their ability to pay as they matured.

44. The Two-Year Transfers constitute avoidable transfers pursuant to Bankruptcy Code §548(a)(1)(B).

2772007v5 / 010001.756 / NBEBIRIAN

45. By reason of the foregoing, (a) pursuant to Bankruptcy Code §548(a)(1)(B), the Trustee is entitled to a judgment: (a) avoiding the Two-Year Transfers, and (b) pursuant to Bankruptcy Code §§550(a) and 551, the Trustee may recover from Defendants an amount to be determined at trial but in no event less than $1,361,101.89, together with interest thereon.

### Ninth Claim for Relief
**(incorporating all previous allegations)**

46. Upon information and belief, within ninety (90) days of the Filing Date, a transfer of the Debtors' property was made to Defendants in an amount to be determined at trial, but in no event less than $108,997.80 to or for the benefit of Defendants (the "Preference Transfer").

47. The Preference Transfer was made while the Debtors were insolvent.

48. The Preference Transfer was made on account of antecedent debts owed by the Debtors to Defendants before such Preference Transfer was made.

49. The Debtors' unsecured creditors with allowed claims will not be paid in full and, therefore, the Preference Transfer enabled Defendants to receive more than they would have received if the Preference Transfer had not been made.

50. The Preference Transfer constitutes an avoidable transfer pursuant to §§547(b) and 550(a) of the Bankruptcy Code.

51. Based upon the foregoing, Plaintiff is entitled to a judgment (a) avoiding the Preference Transfer, and (b) pursuant to Bankruptcy Code §§550(a), and (b) 551 may recover from Defendants an amount as yet undetermined but which is equal to any and all sums paid to or received by Defendant, which amount is, in no event, less than $108,997.80, together with interest thereon.

## Tenth Claim for Relief
### (incorporating all previous allegations)

52. Stanley is the recipient of the Stanley Transfers, which are avoidable and recoverable under Bankruptcy Code §§547 and 550.

53. Despite due demand, Stanley has not returned the Stanley Transfers.

54. Based upon the foregoing, and pursuant to Bankruptcy Code §502(d), any claims filed by Stanley or scheduled in favor of Stanley against the Debtors must be disallowed unless and until Stanley returns the Stanley Transfers.

## Eleventh Claim for Relief
### (incorporating all previous allegations)

55. Defendants are the recipient of the Net Transfers, which are avoidable and recoverable under Bankruptcy Code §§547 and 550.

56. Despite due demand, Defendants have not returned the Net Transfers.

57. Based upon the foregoing, and pursuant to Bankruptcy Code §502(d), any claims filed by Defendants or scheduled in favor of Defendants against the Debtors must be disallowed unless and until Defendants return the Net Transfers.

## Twelfth Claim for Relief
### (incorporating all previous allegations)

58. As a result of the aforementioned, Stanley has gained substantial benefit, enjoyed use of the Stanley Transfers, and has been unjustly enriched because he maintained custody, possession and control over the Stanley Transfers by refusing to turnover the Stanley Transfers to the Trustee.

2772007v5 / 010001.756 / NBEBIRIAN

59. Stanley was the ultimate beneficiary of the Stanley Transfers under circumstances in which he would be unjustly enriched if he were to retain such proceeds because the Debtors did not receive reasonably equivalent value for such transfers and/or purchases.

60. Stanley has been unjustly enriched at the Debtors' expense and in equity and good conscience should not be allowed to retain the Stanley Transfers.

61. By reason of the foregoing, pursuant to New York Common Law Stanley is liable to the Trustee for the Stanley Transfers in the sum of $48,353.70, together with interest thereon.

### Thirteenth Claim for Relief
**(incorporating all previous allegations)**

62. As a result of the aforementioned, Defendants have gained substantial benefit, enjoyed use of the Net Transfers, and has been unjustly enriched because they maintained custody, possession and control over the Net Transfers by refusing to turnover the Net Transfers to the Trustee.

63. Defendants were the ultimate beneficiary of the Net Transfers under circumstances in which they would be unjustly enriched if they were to retain such proceeds because the Debtors did not receive reasonably equivalent value for such transfers and/or purchases.

64. Defendants have been unjustly enriched at the Debtors' expense and in equity and good conscience should not be allowed to retain the Net Transfers.

65. By reason of the foregoing, pursuant to New York Common Law Defendants are liable to the Trustee for the Net Transfers in the sum of $1,361,101.89, together with interest thereon.

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment against Defendants as follows:

2772007v5 / 010001.756 / NBEBIRIAN

(a) on the Trustee's first claim for relief (a) avoiding the Stanley Transfers pursuant to NYDCL §273, and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $48,353.70 from Stanley, plus interest thereon;

(b) on the Trustee's second claim for relief (a) avoiding the Net Transfers pursuant to NYDCL §273, and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $1,361,101.89 from Defendants, plus interest thereon;

(c) on the Trustee's third claim for relief (a) avoiding the Stanley Transfers pursuant to NYDCL §274, and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $48,353.70 from Stanley, plus interest thereon;

(d) on the Trustee's fourth claim for relief (a) avoiding the Net Transfers pursuant to NYDCL §274, and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $1,361,101.89 from Defendants, plus interest thereon;

(e) on the Trustee's fifth claim for relief (a) avoiding the Stanley Transfers pursuant to NYDCL §275, and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $48,353.70 from Stanley, plus interest thereon;

(f) on the Trustee's sixth claim for relief (a) avoiding the Net Transfers pursuant to NYDCL §275, and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $1,361,101.89 from Defendants, plus interest thereon;

(g) on the Trustee's seventh claim for relief (a) avoiding the Stanley Transfers pursuant to Bankruptcy Code §548(a)(1)(B), and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $48,353.70 from Stanley, plus interest thereon;

(h) on the Trustee's eighth claim for relief (a) avoiding the Two-Year Transfers pursuant to Bankruptcy Code §548(a)(1)(B), and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $1,361,101.89 from Defendants, plus interest thereon;

(i) on the Trustee's ninth claim for relief (a) avoiding the Preference Transfer pursuant to Bankruptcy Code §547(b)(4)(B), and (b) pursuant to Bankruptcy Code §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $108,997.80 from Defendants, plus interest thereon

(j) on the Trustee's tenth claim for relief pursuant to Bankruptcy Code §502(d), in the Trustee's favor and against Stanley, disallowing any claims filed by Stanley against the Debtors or scheduled in Stanley's favor in the Debtors' bankruptcy cases unless and until Stanley returns the Stanley Transfers to the Trustee;

(k) on the Trustee's eleventh claim for relief pursuant to Bankruptcy Code §502(d), in the Trustee's favor and against Defendants, disallowing any claims filed by Defendants against the Debtors or scheduled in Defendants' favor in the Debtors' bankruptcy cases unless and until Defendants return the Net Transfers to the Trustee;

(l) on the Trustee's twelfth claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than $48,353.70 from Stanley, plus interest thereon;

(m) on the Trustee's thirteenth claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than $1,361,101.89 from Defendants, plus interest thereon; and

(n) for such other, further and different relief as the Court deems proper.

Dated: Jericho, New York
       December 31, 2021

**SILVERMANACAMPORA LLP**
Counsel to Kenneth P. Silverman, Esq.,
the Chapter 7 Trustee

By:   *s/ Justin S. Krell*
      Justin S. Krell
      Nicholas J. Bebirian
      Member of the Firm
      100 Jericho Quadrangle, Suite 300
      Jericho, New York 11753
      (516) 479-6300